| | |
|---|---|
| 1 | GLENN D. DASSOFF (SBN 96809) |
|   | gdassoff@orrick.com |
| 2 | KRISTOPHER R. WOOD (SBN 284727) |
|   | kristopher.wood@orrick.com |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|   | 2050 Main Street |
| 4 | Suite 1100 |
|   | Irvine, CA  92614-8255 |
| 5 | Telephone:  +1 949 567 6700 |
|   | Facsimile:   +1 949 567 6710 |
| 6 | |
| 7 | Attorneys for Plaintiff/Counter-Defendant, STRETCH LAB FRANCHISE, LLC and Third-Party Defendant, ANTHONY GEISLER |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRETCH LAB FRANCHISE, LLC, | Case No. 2:18-cv-07816-GW (SSx) |
| Plaintiff, | **APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| v. | |
| STRETCH LAB, LLC; SAUL C. JANSON; and TIMOTHY TROST, | |
| Defendants. | |
| | |
| STRETCH LAB, LLC, a California limited liability company; SAUL JANSON, an individual; and TIMOTHY TROST, an individual, | Date:        December 9, 2021<br>Time:        8:30 a.m.<br>Courtroom: 9D<br>Judge:       Hon. George H. Wu |
| Counter-Claimants, | **Remote hearing requested.** |
| v. | |
| STRETCH LAB FRANCHISE, LLC, a Delaware limited liability company; and DOES 1-10, inclusive, | |
| Counter-Defendant. | |
| STRETCH LAB, LLC, a California limited liability company; SAUL JANSON, an individual; and TIMOTHY TROST, an individual, | |
| Third-Party Claimants, | |
| v. | |
| ANTHONY GEISLER, an individual; And DOES 1-10, inclusive, | |
| Third-Party Defendant. | |

## I. INTRODUCTION

Pursuant to Local Rule 79-5, Plaintiff and Counter-Defendant, Stretch Lab Franchise, LLC ("Plaintiff" or "SLF") respectfully requests that the Court allow Plaintiff to file under seal documents in support of its Motion to Enforce Settlement Agreement. This Application to File Documents Under Seal is made following the conference with Defendant Saul Janson ("Janson"), who did not state whether he opposed this Application. Declaration of Glenn Dassoff in Support of Application to File Under Seal ("Dassoff MTS Decl.") ¶¶ 10-11.

SLF seeks to file under seal Exhibits A through G to the Declaration of Glenn Dassoff in Support of Motion to Enforce Settlement Agreement ("Dassoff Declaration"), Exhibit A to the Declaration of Louis DeFrancisco in Support of Motion to Enforce Settlement Agreement ("DeFrancisco Declaration"), portions of the DeFrancisco Declaration that reference the disparaging statements made in Exhibit A to the DeFrancisco Declaration, and portions of SLF's Memorandum of Points and Authorities in Support of Motion to Enforce Settlement Agreement that reference Exhibits A-G to the Dassoff Declaration and Exhibit A to the DeFrancisco Declaration.

Exhibit A to the Dassoff Declaration is a copy of the September 9, 2019 Confidential Settlement Agreement and Mutual Release of Claims (the "Settlement Agreement") entered between SLF and Third-Party Defendant Anthony Geisler, on the one hand, and Defendants/Counter-Claimants/Third-Party Plaintiffs Saul Janson, Timothy Trost, and Stretch Lab, LLC. Pursuant to the Settlement Agreement, any public filing of the agreement must be accompanied by a request that such filing be made under seal. Settlement Agreement § 9(a)(ii). The Settlement Agreement also contains confidential business information of SLF, such as indicia of SLF's plans for incorporating Defendants' locations into SLF's system and conforming those locations to SLF's trade dress and marketing strategies. *See id.* § 2(d), (g); Dassoff Declaration ¶¶ 2, 4, Exs. A and C; *see also* Dassoff MTS Decl. ¶ 3.

1. Exhibit B to the Dassoff Declaration is a copy of the transcript of the Settlement Conference Hearing that took place on July 12, 2019. This transcript contains confidential settlement terms, which the Parties agreed on the record would remain confidential. Dassoff MTS Decl. ¶ 4.

2. Exhibits C through G to the Dassoff Declaration are copies of communications produced by both SLF and Defendant and Counter-Claimant Stretch Lab, LLC ("SL") that were designated as "Confidential" and/or "Confidential – Attorney's Eyes Only" pursuant to the protective order in this case signed by Magistrate Judge Suzanne H. Segal on December 7, 2018. *See* ECF No. 45. These exhibits contain confidential business information of SLF related to its training programs, stretching programs, and marketing strategies that could cause harm to SLF if publicly disclosed; or contain statements from Saul Janson disparaging SLF and its associates that could cause harm to SLF's reputation if disclosed. Dassoff MTS Decl. ¶ 5.

3. Exhibit A to the DeFrancisco Declaration is an email sent by Defendant Saul Janson on October 12, 2021 consisting of disparaging statements about Louis DeFrancisco and his wife, which were made in violation of the Settlement Agreement and would cause irreparable harm to Mr. DeFrancisco and SLF if made public. Dassoff MTS Decl. ¶ 6.

4. The DeFrancisco Declaration references some of the disparaging statements made in the October 12, 2021 email sent by Defendant Saul Janson attached as Exhibit A to the DeFrancisco Declaration. Dassoff MTS Decl. ¶ 7.

5. SLF's Memorandum of Points and Authorities in Support of Motion to Enforce Settlement Agreement references the confidential documents attached as Exhibits A-G to the Dassoff Declaration and Exhibit A to the DeFrancisco Declaration. Dassoff MTS Decl. ¶ 8.

6. These confidential information are necessary to support Plaintiff's Motion to Enforce Settlement Agreement.

## II. ARGUMENT

Courts have the power to seal court files that "might [] become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). On non-dispositive motions, like here, a party seeking to file under seal a document produced under seal in discovery only needs to establish that there is "good cause" for sealing the record. *In re Midland Nat'l Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Courts will grant a motion to seal if the public interest in disclosure is not outweighed by the potential harm posed by disclosure. *See Neill v. Bank of Am., N.A.*, No. 11-CV-2254-BGS, 2012 WL 6554414, at *2 (S.D. Cal. Dec. 14, 2012).

Good cause to seal exists here. First, the documents listed above refer to or attach the Settlement Agreement, which explicitly provides that any disclosure of the agreement must be made under seal. Settlement Agreement § 9(a)(ii); *see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("Most significantly, courts have granted protective orders to protect confidential settlement agreements."). There exists a strong public interest in encouraging settlements and in promoting the efficient resolution of conflicts which outweighs the public's interest in disclosure of facts of minimal relevance. Further, the Settlement Agreement contains confidential business information of SLF, such as commentary on SLF's plans and marketing strategies. *See id.* at 1211 (explaining that the law "gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including … commercial information"); Dassoff MTS Decl. ¶ 3.

Second, the documents also refer to or attach documents designated "Confidential" and/or "Confidential – Attorney's Eyes Only" pursuant to the protective order in this case signed by Magistrate Judge Suzanne H. Segal on December 7, 2018. *See* ECF No. 45; *see also Phillips Ex rel. Ests. of Bryd*, 307 F.3d at 1213 ("When a court grants a protective order for information produced during

discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."). Specifically, they contain business information of SLF related to its training programs, stretching programs, and marketing strategies that could cause harm to SLF if publicly disclosed. Dassoff MTS Decl. ¶ 5.

Third, the documents also refer to or attach a disparaging statement at issue in the underlying Motion to Enforce Settlement Agreement that was made in violation of the Settlement Agreement, along with other disparaging statements Mr. Janson has made in the past, which would cause irreparable harm to Mr. DeFrancisco and SLF if disclosed to the public. *Id.* ¶¶ 5, 6; *Algarin v. Maybelline, LLC*, No. 12-CV-3000 AJB (DHB), 2014 WL 690410, at *2 (S.D. Cal. Feb. 21, 2014) (explaining that justification to seal exists where records may be used to "circulate libelous statements" or "promote public scandal"). Because there is good cause to seal, SLF respectfully requests that the Court grant its Application to File Documents Under Seal.

### III. CONCLUSIONS

For all the reasons set forth, SLF respectfully requests that the Court grant its Application to File Documents Under Seal.

Dated: November 5, 2021                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Glenn D. Dassoff*
GLENN D. DASSOFF
KRISTOPHER R. WOOD

Attorneys for Plaintiff/Counter-Defendant, STRETCH LAB FRANCHISE, LLC and Third-Party Defendant, ANTHONY GEISLER

- 4 -