David Martinez, Bar No. 193183
DMartinez@RobinsKaplan.com
Tommy H. Du, Bar No. 305117
TDu@RobinsKaplan.com
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone: (310) 552-0130
Facsimile:   (310) 229-5800

Attorneys for Defendant, Counter Claimant, and
Third-Party Claimant Saul C. Janson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRETCH LAB FRANCHISE, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STRETCH LAB, LLC; SAUL C. JANSON; and TIMOTHY TROST,<br><br>　　　　　Defendants.<br><br>And Related Counter- and Third-Party Claims. | Case No. 2:18-cv-07816 GW (SSx)<br><br>[Assigned to the Honorable George H. Wu]<br><br>**DEFENDANT, COUNTER CLAIMANT AND THIRD-PARTY CLAIMANT SAUL C. JANSON'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>[Declaration of Saul C. Janson filed concurrently herewith]<br><br>Date:　　　　December 9, 2021<br>Time:　　　　8:30 a.m.<br>Courtroom:　9D (350 W. 1st St.) |

Defendant and Counterclaimant Saul C. Janson ("Mr. Janson") hereby respectfully submits his Opposition to the Motion to Enforce Settlement Agreement ("Motion") brought by Plaintiff and Counterclaim Defendant Stretch Lab Franchise, LLC ("SLF") regarding the parties' September 9, 2019 Settlement Agreement ("Settlement Agreement"), as follows:

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................. 4

    A. The Underlying Action ............................................................................. 4

    B. ████████████████████████████████████████ ........................ 5

III. THE COURT SHOULD DENY THE MOTION IN ALL RESPECTS ............. 7

    A. ████████████████████████████████ ........................................ 7

    B. SLF Makes No Attempt to and Cannot Establish any Damages Under the Settlement Agreement ................................. 8

    C. SLF is not "Entitled" to Attorney's Fees ................................................. 9

    D. There is No Basis to Issue an Injunction ................................................. 9

IV. CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) .................................................................................................. 10

*Ctr. for Food Safety v. Vilsack*,
  636 F.3d 1166 (9th Cir. 2011) ............................................................................ 10, 11

*eBay Inc. v. MercExchange, LLC*,
  547 U.S. 388 (2006) ............................................................................................ 10, 12

*Korean Philadelphia Presbyterian Church v. California Presbytery*,
  77 Cal.App.3rd 1069 (2000) .................................................................................... 10

*Monsanto Co. v. Geertson Seed Farms*,
  561 U.S. 139 (2010) .............................................................................................. 9, 11

*TNT Mktg., Inc. v. Agresti*,
  796 F.2d 276 (9th Cir. 1986) ...................................................................................... 9

*Upwork Glob. Inc. v. Fan Lian*,
  No. 19-CV-07719-NC, 2021 WL 1080526 (N.D. Cal. Mar. 2, 2021) .................... 12

*Weinberger v. Romero–Barcelo*,
  456 U.S. 305 (1982) ................................................................................................... 9

**Statutes**

Civ. Code § 1636 .............................................................................................................. 8

Civ. Code § 1638 .............................................................................................................. 7

Civ. Code § 1641 .............................................................................................................. 7

Civ. Code § 1647 .............................................................................................................. 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

SLF's Motion fails for numerous independent reasons, including the absence of breach, the absence of damages (none are alleged, let alone proven) and the failure to establish the critical threshold elements required for injunctive relief, including the threat of imminent irreparable harm and/or the inadequacy of money damages that the parties bargained for.  Moreover, SLF ██████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████.

First, the Motion is premised on an untenable interpretation of ██████ ████████████████████████████████████████.[1]  SLF claims that a single email sent two years after execution of the Settlement Agreement by Mr. Janson exclusively to SLF's president Louis DeFrancisco and stating, *inter alia*, ████████████ ████████████████████[2] was a "publication" violative of the Settlement Agreement and warrants the payment of damages and the issuance of an injunction.  SLF's proposed interpretation is inconsistent ████████████ ████████████ as axiomatic rules of contract interpretation and common sense.  ████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

---

[1] *See* Dkt. 123, Dassof Decl., at Exh. A (emphasis added).
[2] *See* Dkt. 117-2, DeFrancisco Decl., at Exh. A.

OPPOSITION TO MOTION TO
ENFORCE SETTLEMENT AGREEMENT

61865644.1

███████████████████████████████████████ *Id.*

[Emphasis added].

We are thus left with the absurdity that Mr. DeFrancisco, after reading a statement about himself, ████████████████████████████████████ ████████████████████████████████████████ Definition aside, common sense dictates that a disparaging statement cannot cause reputational harm unless it is heard by a third party, as underscored by SLF's failure to allege any damages.

SLF focuses myopically on the word "anyone." It is axiomatic that the word "anyone" cannot be read in isolation and must be read in conjunction with the definition of "disparagement." Further, SLF's proposed interpretation of the word "anyone" would lead to further absurdity. ████████████████████ █████████████████████████████████████████ █████████████████████████████████████████ █████████████████ The word "anyone" must be read according to the intention and expectation of the parties. As shown below, SLF's clear intent into entering into Section 8(a) was to prevent publications to third parties, a point that SLF and Mr. DeFrancisco implicitly and repeatedly concede in their papers.

Second, ████████████████████████████ █████████████████████████████ As noted by SLF, the parties negotiated for this ████████ SLF does not attempt to prove up any damages, and with good reason. There can be no damages flowing from a publication that is heard by no one and does not cause any reputational harm. ████████████████ ████████████████████████ SLF does not argue that it is. And any such argument would render it punitive and unenforceable in any event.

Third, there is no basis to grant an injunction attaching contempt penalties to a breach of contractual obligations. SLF has not established that money damages are inadequate. Nor can it. The parties specifically agreed that ██████

- 2 -

OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT

61865644.1

1 ▮▮▮ Nor does SLF
2 attempt to or establish imminent irreparable harm required to obtain an
3 injunction.
4     SLF's combing through almost 54,000 pages of documents produced by
5 Counterclaimants in discovery to cherry pick a handful of out-of-context phrases
6 from five emails in no way establishes any basis for injunctive relief. None of
7 those emails ▮▮▮
8 ▮▮▮ from a five month period three years ago and sent by Mr. Janson to his
9 friends and investors demonstrate any impending or imminent breach. In fact, the
10 record shows the opposite. The parties inked the ▮▮▮ over two
11 years ago. Mr. Janson, a lawyer by training, understands his obligations under the
12 ▮▮▮ and has at all times complied with them. And a review of
13 the actual emails (*see, infra,* Section II.B) cannot be reconciled with SLF's
14 ▮▮▮
15 ▮▮▮
16 ▮▮▮
17 ▮▮▮ On this record, there is no basis to issue an injunction.
18     <u>Fourth</u>, it is the height of irony that SLF has filed this Motion ▮▮▮
19 ▮▮▮ (Dkt.
20 122, at pgs. 1:24; 4:20-21; 9:28-10:1) ▮▮▮ (Dkt. 117-6, at
21 pg. 1:15) even though on its face the motion alleges only breach of contract and
22 the underlying emails span a short five month period and show nothing of the
23 kind. These publicly filed allegations published by SLF to the world at large ▮▮▮
24 ▮▮▮ as is the unredacted innuendo
25 against Mr. Janson littered across SLF's moving papers.
26     <u>Fifth</u>, this issue could have and should have been resolved by a simple email
27 or call to counsel without the need to launch into a campaign to ▮▮▮
28 ▮▮▮

OPPOSITION TO MOTION TO
ENFORCE SETTLEMENT AGREEMENT

61865644.1

(Robins Kaplan LLP, Attorneys At Law, Los Angeles)

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Exh. A, at § 11(b). Indeed, Mr. Janson addressed
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ through a
3  cautionary email from Mr. Janson's counsel to SLF's counsel. *See* Janson Decl., at
4  ¶¶ 2-5; Exh. A, at pgs. 11-13; *see also* pgs. 7, 12. Mr. Janson and Counterclaimants
5  also informally resolved a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ by
6  withdrawing their own Motion to Enforce the Parties' Settlement Agreement on
7  January 29, 2020. *See, e.g., id.,* at ¶6; Dkts. 111-114. However, consistent with ▓
8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ SLF chose to pursue this matter
9  in ▓▓▓▓▓▓▓▓▓▓▓ even though it suffered no damages and has no basis to seek
10 injunctive relief.[3]
11       On this record, and as discussed in further detail below, there is no basis to
12 award attorneys' fees against Mr. Janson, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓ Nor is there any basis to award phantom damages or injunctive relief.
14 For these reasons, Mr. Janson respectfully requests that the Court deny the
15 Motion in all respects.
16       Moreover, to the extent the Court deems any relief appropriate, Mr. Janson
17 reserves the right to seek relief under ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18 ▓▓▓▓▓▓▓ based on the breaches outlined herein.

## II.

## FACTUAL BACKGROUND

**A. The Underlying Action**

22       As the Court may recall, this action (the "Action") entailed counterclaims
23 filed by Mr. Janson, Mr. Trost and Stretch Lab, LLC ("SL LLC") ▓▓▓▓▓▓ as well as
24 a third party complaint against ▓▓▓▓▓▓ The Counterclaims included causes of
25 action for Breach of an Asset Purchase Agreement, Breach of Consulting

---

[3] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1  Agreement, Fraudulent Inducement, Intentional Interference, Conversion, and
2  Violation of the California Franchise Investment Law and the California Franchise
3  Relations Act.  Dkts. 64, 65.
4          Counterclaimants allege that ███████████████████████████████
5  ████████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████████
10  ████  Dkt. 64, at ¶¶10-100; Dkt. 65, at ¶¶11-50.
11  **B.**  ████████████████████████████████████████████████████
12  ████████████████████████████████████████
13          SL LLC produced almost 54,000 pages of documents during the course of the
14  Action.  *See* Janson Decl., at ¶ 7.  From this massive production, SLF cherry picks
15  out-of-context quotes from a total of five emails sent from June 13 through
16  October 4, 2018, and then launches into ████████████████████████████████
17  ████████████████████████████████████████████████████████████████
18  ████████████████████████████████████████████████████████████████
19  ████  (Dkt. 117-6, at pg. 1:15).  But the emails – ████████████████████
20  ████████████████████████████████████████████████████████████████
21  █████████████████████████████████████████████████████████ – in no
22  way support these false accusations.  Here is what they show:
23          **Exhibit C** is an email ████████████████████████████████████
24  ████████████████████████  In the email, ████████████████████████████
25          In evident foreshadowing, Mr. DeFrancisco ████████████████████
26  ████████████████████████  which Mr. Janson rightfully construed as a ████
27  ██████████████████████████████  *Id.* [emphasis added]; *see also* Janson Decl., at
28  ¶ 8.  Three months later, SLF filed suit without warning and almost simultaneously

(Left margin: ROBINS KAPLAN LLP, ATTORNEYS AT LAW, LOS ANGELES)

1 moved – unsuccessfully – for injunctive relief. *Id.*

2 **Exhibit D** is a ███████████████████████████████

3 ██████ *Id.*, at ¶ 9. In the email, he refers to SLF's personnel ████████

4 He also states as follows:

5 ██ █████████████████████

6 █████████████████████

7 ████████████████████████

8 ███████████████████

9 ████████████████████

10 ██████████████████████

11 ████████ [emphasis added].

12 **Exhibit E** is an email dated ████████████, days after SLF filed suit

13 against SL LLC, Mr. Janson and Mr. Trost, ███████████████ In that

14 email, ███████████████████████████████

15 ████████████████████████ *Id.*, at ¶ 10.

16 **Exhibit F** is an email dated ████████████ shortly after SLF filed suit.

17 Mr. Janson writes to his decades-long friends ████████████████

18 and explains that ██████████████████████

19 ██████████████████████████████

20 *Id.*, at ¶ 11.

21 **Exhibit G** is an email dated ████████████████████

22 █████████████████████████████

23 █████████████████████████████

24 ████ Mr. Janson responds to his godson's father's inquiry, and explains that

25 ████████████████████████████████ *Id.*, at

26 ¶ 12.

27

28

## III.

## **THE COURT SHOULD DENY THE MOTION IN ALL RESPECTS**

**A.** █████████████████████████████████████████████████

The Court's interpretation of Section 8 is governed by well-established principles of statutory construction. Particularly on point is the axiom that "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Civ. Code § 1641. Also on point is the rule that "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Civ. Code § 1638.

As noted, ████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
SLF's proposed interpretation would result is the absurdity that Civil Code section 1638 prohibits – the premise that a publication to Mr. DeFrancisco about himself would ████████████████████████████████████████████
████ Civ. Code § 1638.

SLF's interpretation of Section 8 would be untenable even if the parties had not bargained for ███████████████████████████████████ According to SLF, the word "anyone" includes the subject of the alleged disparagement. But, "anyone" cannot mean anyone; otherwise, ███████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████

SLF's tortured interpretation fails under other principles of contractual interpretation. "A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates." Civ. Code § 1647.

OPPOSITION TO MOTION TO
ENFORCE SETTLEMENT AGREEMENT

61865644.1

1  Similarly, "A contract must be so interpreted as to give effect to the mutual
2  intention of the parties as it existed at the time of contracting, so far as the same
3  is ascertainable and lawful." Civ. Code § 1636.
4      The Court need go no further than SLF's motion and Mr. DeFrancisco's
5  Declaration to discern SLF's intention ████████████████ These filings
6  reflect SLF's ██████████████████████████████████████
7  ████ *See, e.g.*, Dkt. 123 ████████████████████████████
8  ████████████████████████████████████████████████
9  ████ Dkt. 122, at pgs. 4:9-5:3; 8:24-9:26 (same); Dkt. 122, at pgs. 9:27-10-1
10 ████████████████████████████████████████████████
11 ████████████████████████████████████████████████
12 ████████████████████████████████████████████████
13 ████████████████████████████████; Dkt. 115, at pg. 4:7-16
14 ████████████████████████████████████████████████

15 **B.    SLF Makes No Attempt to and Cannot Establish any Damages**
16 **Under the Settlement Agreement**
17     The parties bargained ██████████████████ *See* Exh. A, at § 8(c)
18 ████████████████████████████████████████████████
19 ████████████████████████████████████████████████
20 ████████████████████████████████████████████████
21 ████████████████████████████████████████████████
22 ████████████████████████████████████████████████
23     SLF claims that it is "entitled" to "Damages" (Dkt. 122 at pg. 10:10), but it
24 does not allege that it has suffered any damages, let alone make any attempt to
25 prove them. ██████████████████████████████████
26 ████████████████████████████████████████████████
27 ██████████████████████████ As such, there is no basis to award any
28 damages. Nor does SLF argue (and rightfully so) ██████████████ liquidated

1 damages provision. And any such argument would render it punitive and
2 unenforceable in any event. And even if █████████████████████████
3 ████████████████████████ (it is not), no liquidated damages should be
4 assessed here where there has ████████████████████████████ [4]

### C. SLF is not "Entitled" to Attorney's Fees

Mr. Janson respectfully submits that the record before the Court does not warrant an award of fees, which are permissive based exclusively in the Court's discretion, ████████████████████████████████████████
████████████████████████

Here, SLF has failed to establish breach or prove up damages and has ████████████████████████████████████████
████████████████████ unsupported by the record on which it relies. At bottom, this ill-advised gotcha attempt should have been ███████████
████████████████████ Moreover, SLF does not attempt to establish that the claimed fees are reasonable through declarations or otherwise. On this record, a fee award is unwarranted.

### D. There is No Basis to Issue an Injunction

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *See, e.g., Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311–312 (1982). More specifically, injunctive relief is not appropriate where, as here, the parties have ████████████████████████████
█████████ where the moving party fails to establish a "**present or imminent risk of irreparable harm**." *See, e.g., Monsanto Co. v. Geertson Seed Farms*, 561 U.S.

---

[4] SLF's reliance on *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) adds nothing to the equation. The *TNT Mktg.* Court held that courts have authority to award damages for breach of a settlement agreement. Here, however, the ██████████████████████████████████████████████████████
██████

139, 162 (2010) (emphasis added); *see also eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (To obtain injunctive relief, a movant must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.").

Thus, "The equitable remedy is unavailable *absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'*" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (emphasis added), *quoting O'Shea v. Littleton*, 414 U.S. 488, 502 (1974). Further, "An injunction cannot issue in a vacuum based on the proponents' fears about something that may happen in the future. It must be supported by actual evidence that there is a realistic prospect that the party joined intends to engage in the prohibited activity." *Korean Philadelphia Presbyterian Church v. California Presbytery*, 77 Cal.App.3rd 1069, 1084 (2000). Further,

> "To obtain injunctive relief, Plaintiffs must show themselves to be under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."

*Ctr. for Food Safety v. Vilsack,* 636 F.3d 1166, 1171 (9th Cir. 2011) (reversing District Court and finding the absence of imminent irreparable harm) (quoting *Summers v. Earth Island Inst.,* 555 U.S. 488, 129 S.Ct. 1142, 1149 (2009).

|   |   |
|---|---|
| 1 | SLF's request for an injunction is prohibitively premised on rank speculation |
| 2 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 3 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 4 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See, supra*, Section II.B. This is utterly insufficient to |
| 5 | establish the requisite "present or imminent risk of irreparable harm," particularly |
| 6 | given Mr. Janson's assurances ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 7 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ [5] *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. at 162; *Ctr.* |
| 8 | *for Food Safety v. Vilsack,* 636 F.3d at 1171. |
| 9 | Moreover, the parties here specifically bargained for ▓▓▓▓▓▓▓▓▓▓ |
| 10 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Exh. A, at § 8(c). SLF cannot now complain that ▓▓▓ |
| 11 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 12 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 13 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 14 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Exh. A, at § 8(d). SLF argues that it is entitled to seek |
| 15 | injunctive relief under ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 16 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 17 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 18 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 19 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 20 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 21 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ |
| 22 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 23 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Moreover, the provision under ▓▓▓▓ |
| 24 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 25 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ does not change this analysis. *Id*. (emphasis |
| 26 | added). The clause is expressly ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 27 |   |
| 28 | [5] *See* Dkt. 117-2, DeFrancisco Decl., at Exh. A (emphasis added). |

OPPOSITION TO MOTION TO
ENFORCE SETTLEMENT AGREEMENT

61865644.1

1 ████████████████████████████████████████████████████████

2 　　　　SLF cites to a single case – *Upwork Glob. Inc. v. Fan Lian*, No. 19-CV-07719-
3 NC, 2021 WL 1080526, at *6 (N.D. Cal. Mar. 2, 2021) – in support of its demand for
4 an injunction.  *Upwork* is inapposite and does not upend decades of Supreme
5 Court injunctive relief jurisprudence.  *Upwork* entailed an unopposed motion for
6 default judgment, which is far removed from these contested proceedings.  The
7 *Upwork* Court concluded, based on an unopposed record, the defendant "is
8 causing reputational harm to Upwork and impacting its relationship with its
9 customers." *Id.* ███████████████████████████████

10 　　　　Notably, *Upwork* quotes from the Supreme Court's decision in *eBay Inc. v.*
11 *MercExchange, LLC*, 547 U.S. at 391, which SLF neither acknowledges nor
12 addresses.  *See Upwork Glob. Inc.*, 2021 WL 1080526, at *6, *quoting eBay Inc. v.*
13 *MercExchange, LLC*, 547 U.S. at 391 (articulating requirement that the moving
14 party establish, *inter alia*, "that it has suffered irreparable injury," and "that
15 remedies available at law, such as monetary damages, are inadequate to
16 compensate for that injury.").  Finally, SLF cites *Upwork* for the proposition that ██
17 ████████████████████████████████████████████████ *See Upwork*
18 *Glob. Inc.*, 2021 WL 1080526, at *6; *cf.* Dkt. 122, at pg. 12:2-3 (citing to *Upwork*).
19 ████████████████████████████████████████████████████████
20 ████████████████ its motion claims nothing more than breach of Section 8 of
21 the Settlement Agreement.

22 　　　　For all of the reasons, the Court should deny SLF's demand for an Injunction,
23 as it did previously with respect to SLF's meritless Motion for Preliminary
24 Injunction brought at the outset of the underlying litigation.  Dkt. 37.

- 12 -

OPPOSITION TO MOTION TO
ENFORCE SETTLEMENT AGREEMENT

61865644.1

## IV.
## CONCLUSION

For the foregoing reasons, Mr. Janson respectfully requests that the Court deny SLF's Motion in all respects.

DATED: November 18, 2021  **ROBINS KAPLAN LLP**

By: /s/ David Martinez
David Martinez

Attorneys for Defendant, Counter Claimant, and Third-Party Claimant Saul C. Janson